HORACE A. STEPHENS, for the use of Joseph Hall, Plaintiff in Error, *v.* ARNOLD THORNTON, and NELSON DUGAN, Defendants in Error.

### ERROR TO PUTNAM.

It is for the jury to decide whether an order on another person was taken for collection merely, or as payment, when the amount thereof should be collected.

Whether an order was accepted in satisfaction of a debt, or in discharge of a demand against the party giving it, should be left to the jury. Unless the party was to be discharged, no new consideration was necessary to make the promise to pay the order binding.

THIS was an action of assumpsit. The declaration contained common counts, and three special counts on a bill of exchange, of date August 11, 1857, for $297.38, drawn by the defendant, as partners, upon James J. Todd & Co., to the order of plaintiff Stephens, payable on demand.

The defendants first demurred generally to the declaration, and then filed pleas as follows : 1st, The general issue ; 2nd, Set-off; 3rd, Accord and satisfaction.

Issue was formed on the foregoing pleas.

Defendants also pleaded,

4th. That when the bill was presented to the drawees, they paid $150 thereon, and plaintiff agreed with them to give them further time of payment, and to take in payment of the balance, when he should demand the same, highwines at St. Louis prices, less the freight from Hennepin to St. Louis. The plea avers that the said drawees then agreed to pay said balance in highwines, at said prices, and that plaintiff never demanded the same.

5th. Same as in the 4th plea to the words " at said prices," with the additional allegation, that in pursuance of the agreement, plaintiff extended the time of payment to the drawees for a long space of time, viz., from the presentation of the bill ever since.

Before they assumed the above form, plaintiff demurred to said fourth and fifth pleas severally.

The demurrer was confessed, and leave given to amend said pleas, and they being amended so as to be as above, the demurrer before interposed was then overruled.

Leave was given to file several replications to said fourth and fifth pleas, which replications, as to the fourth plea, were as follows :

1st. Denied the alleged agreement with Todd & Co.

2nd. Alleged that said supposed agreement was without any good or valuable consideration to plaintiff.

3rd. That the said agreement, if any such there was, was made with the assent of defendants.

4th. That after the said agreement, and with full notice thereof, defendants promised to pay plaintiff the amount of the bill on request.

Said first two replications to the fourth plea were repeated as to the fifth plea.

The third replication to the fourth plea was repeated as to the fifth plea, with the addition that plaintiff demanded the highwines before the commencement of the suit, and Todd & Co. failed to deliver them.

The fourth replication to the fourth plea was repeated as to the fifth plea, with the omission of the words, " on request."

The fifth replication to the fifth plea denied that the time of payment was extended to Todd & Co.

Similiter to first replication to 4th plea ; also to 1st and 5th replications to 5th plea.

Defendants' demurrer to the 2nd, 3rd and 4th replications to each of the 4th and 5th pleas, was sustained, and plaintiff took leave to amend the 4th replication to the 4th plea, and the 3rd replication to the 5th plea, and they were amended so as to be as above, which being done, the rejoinders of defendants were as follows :

That defendants did not for a good or valuable consideration promise to pay the bill on request.

To the 3rd replication to the 5th plea : 1, That plaintiffs did not demand the highwines of Todd & Co., as alleged in the replication. 2, That no such agreement (with Todd & Co.) was made with the assent of defendants. 3, That defendants did not receive due and legal notice of such non-payment (by Todd & Co.)

The cause was tried at the March term, A. D. 1859, of the Putnam Circuit Court, before BALLOU, Judge, and a jury.

The plaintiff read in evidence the bill of exchange, which was accepted by Todd & Co., and credited with two payments, together amounting to $161.

He then called *James M. Norton* as a witness, who testified : That in the fall of 1857 he was in the employ of plaintiff, and went with him to Hennepin on the 13th of August, 1857, when he presented the order to Todd & Co., and they paid $150 on it, and said they might pay something more the next day ; that the order was again presented to them the next day, and nothing more paid ; that the next day afterwards, at plaintiff's request, he went to Magnolia, and notified defendant Dugan what had been done with respect to the order ; that defendant Dugan being so notified, said it would be all right ; that he

would like to have plaintiff (Stephens) get the amount from Todd & Co. if he could, as Todd & Co. were owing defendants over $1,000; but that if Todd & Co. did not pay the order, defendants would when defendant Thornton returned from New York; that then they had to use all their money for the purchase of goods.

That soon after the return of Thornton from New York, and about three or four weeks after the giving of the order, witness, at request of plaintiff, went to get the balance on the order from defendants, and defendant Thornton said defendants had paid all their money on freights, but as soon as they could collect in some money they would pay the order, and that defendant Thornton spoke of going to see plaintiff to get him to collect the order from Todd & Co. if he could, as Todd & Co. were owing defendants a large amount. That he again saw Thornton in September, 1857, when Thornton asked him if Stephens had collected the order, and further said that defendants ought to have paid the order sometime before, but had been hard run.

That the order was given by defendants to plaintiff for a balance due on storage; that he retained it after seeing defendants at their request to see if he could get the money from Todd & Co., as defendants seemed anxious to have done.

That he thought he went twice to see Todd & Co. to get the amount of the order, (one of said times being a week or ten days after he first saw Dugan as aforesaid,) but failed to get the money.

That Todd & Co. had been owing Stephens on an account, which had been settled by giving highwines, and the balance on the highwines, supposed to be about $11, was a credit on the order.

The defendants then called *James J. Todd,* one of the drawees and acceptors, and he was sworn as a witness.

Plaintiff objected to his testimony being received, because of his being such drawee and acceptor, and not released by defendants from liability for costs. The court overruled the objection, and plaintiff excepted to the decision.

Todd thereupon testified that his firm (Todd & Co.) paid $150 on the order as credited, and Stephens called the next day, but got no money; that within some ten days after the giving of the order, Stephens came again for his pay, and then asked Todd & Co. to let him have highwines, and it was then agreed between witness and Stephens that Stephens would take the amount of his account against Todd & Co., and the balance of the order, in highwines, at St. Louis prices less the freight, the highwines to be shipped by Todd & Co. upon order of

Stephens whenever Stephens would order the same, and as Todd & Co. could spare the same, or turn them out for such payment.

That as then directed by Stephens, Todd & Co. soon afterwards shipped fifteen barrels of highwines to Stephens' commission merchant in St. Louis, which paid the account and some $11 on the order; that not long afterwards, Stephens came back and spoke about seeing a rectifier at Henry, to see whether he could have more made out of the highwines there, and told witness not to ship any more until he could see what he could do there, and witness told him he would ship them where he desired, and that Stephens did not order any more highwines, nor to witness' knowledge come back to demand any more; that if Stephens had demanded them, witness could have shipped the highwines, as Todd & Co. had some highwines most any time for two months thereafter.

The foregoing was all the evidence.

The following instructions asked by the plaintiff were severally refused:

1. If the jury believe, from the evidence, that the defendants or either of them, after being notified of the non-payment in part by Todd & Co. of the order, promised to pay the balance thereon, this would be enough to sustain the action on the part of the plaintiff.

3. That if there was no definite time fixed for paying the order in highwines, but only loose talk by which Stephens agreed to receive the highwines if they should be sent by Todd & Co., without binding Todd & Co. to send them, and this was agreed without any consideration to Stephens, the agreement was not binding upon Stephens, and would be no discharge to any party to the bill.

4. That if the alleged agreement between Stephens and Todd & Co., was made by Stephens without consideration, or with the assent of defendants, to be inferred from their previous request or otherwise, the same is no defense in this case.

The plaintiff excepted to the refusal of the court to give each of said instructions.

The court gave the following instruction on the part of the plaintiff:

If the jury believe, from the evidence, that plaintiff took the order on account of indebtedness due him from defendants, and to allow them credit for it in case of collection, and acted in accordance with their views, or as their agent, in reference to its collection, and they with full knowledge of what had been done, promised to pay the balance due on the same, the promise would be binding on defendants, and authorize a recovery thereon by plaintiff.

Defendants' instructions given to the jury:

1. That if they believed the state of facts set out in said 4th plea, they should find for the defendants, unless they believed that Stephens demanded the highwines, and that Todd & Co. refused to deliver them.

2. That plaintiff could not recover on account of any express promise of defendants to pay the order, unless they found such promise to have been made for a good and valuable consideration.

3. That if Stephens agreed with Todd & Co. to take the balance on the order in highwines, in such quantities and at such times as he should demand them of Todd & Co., he could not recover upon any express promise of defendants to pay the the order, unless the jury should further believe that Stephens demanded the highwines, and Todd & Co. refused to deliver them.

Plaintiff excepted to the giving of each of said instructions.

The jury having deliberated several hours, were again brought into court, and reported that they were unable to agree, and at their suggestion the witness, Todd, was recalled to be re-examined for their satisfaction, and testified that Stephens agreed with him to take the amount of the account and of the order in highwines at St. Louis prices less the freight, and that the highwines were to be shipped as they should be ordered by Stephens, and as they could be spared by Todd & Co.; that fifteen barrels were shipped, paying the account and some $11 on the order, and Stephens had not ordered any more, to his knowledge; but once afterwards came and spoke about seeing the rectifier at Henry, and directed witness not to ship any more until he could see what he could do at Henry; that Todd & Co. almost any day for several months afterwards might have turned out five or six barrels of highwines. He further stated that this debt was but a small amount of the claims then pressing against Todd & Co., and that they had to keep or sell highwines to keep up their business of distilling.

The verdict was for the defendants.

The court overruled successively the plaintiff's motions for a new trial and in arrest of judgment, and the plaintiff excepted.

The errors assigned are:

That the court erred in receiving incompetent testimony for the defendants.

In giving each of defendants' instructions.

In refusing to give each instruction asked by plaintiff and refused.

In sustaining the demurrers respectively to plaintiff's second

and third replications to fourth plea, and second and fourth replications to fifth plea, and otherwise in settling the issues.

In overruling the motion for a new trial.

In overruling the motion in arrest of judgment.

And in this, that the judgment is for the defendants, whereas it ought to have been for the plaintiff.

T. DENT, for Plaintiff in Error.

G. W. STIPP, for Defendants in Error.

BREESE, J. It was fairly left to the jury to determine whether or not the plaintiff took the order on Todd & Co., merely to collect it, as the agent of the defendants, and for their accommodation, for the court instructed the jury on behalf of the plaintiff, if they believed, from the evidence, that he took the order on account of indebtedness due him from defendants, and to allow them credit for it in case of collection, and acted in accordance with their views, or as their agent, in reference to its collection, and they, with full knowledge of what had been done, promised to pay the balance due on the same, the promise would be binding on defendants, and authorize a recovery thereon by the plaintiff.

This instruction placed the case in the strongest attitude before the jury for the plaintiff, but they have found no such facts to exist. They have found that the order was received as negotiable paper, and subject to all its conditions.

The court, however, on behalf of the defendants, instructed the jury, that the plaintiff could not recover on account of any express promise of defendants to pay the order, unless they found such promise to have been made for a good and valuable consideration.

This instruction, we think, was wrong. It assumes that the plaintiff had made such an agreement with Todd & Co. as discharged the defendants, whereas, that question should have been left to the jury under proper instructions on the facts brought out, as to the nature of the agreement; for unless the defendants were discharged by an agreement with Todd & Co., no new consideration was necessary to make their alleged promise to pay the order binding on them. Their indebtedness, for which the order on Todd & Co. was given, would be a sufficient consideration. Nor would proof of a new consideration be necessary, if defendants knew of the arrangement with Todd & Co., and its terms, by which they were discharged, and afterwards, with such knowledge, promised to pay.

This, we think, is the position the parties should have occupied under the authorities. The case of *Tebbetts* v. *Dowd*, 23 Wendall, 379, is in principle, like this, on this point.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*